# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | PLAINTIFF |
| v. | 4:11CR00210-5-JMM | |
| DERRICK KNOX, | | DEFENDANT |

## ORDER

### I. BACKGROUND

Before the Court is Defendant's Motion for Pretrial Release. (Doc. No. 124.) The Motion mainly challenges the criminal history alleged during the previous bond hearing. The prosecution has filed a Response in opposition. (Doc. No. 140.)

A detention hearing may only be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The matter should not be reopened if the evidence was available at the time of the initial hearing. *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991)(per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Flores*, 856 F. Supp. 1400, 1405–07 (E.D. Cal. 1994).

The Court finds that the proposed new information does not bear materially on the issue of whether Mr. Knox poses a danger to the community. The Court previously detained Defendant largely based on the strength of the government's case and, in particular, the quantities of cocaine involved. The Court also was troubled that Defendant had no previous work history and, given the case involved a presumption of detention, the lack of a suitable release plan. Defendant's past criminal history was only a minimal part of the Court's findings.

1

Accordingly, Defendant's Motion For Pretrial Release (Doc. No. 124) is DENIED. Defendant is to remain in the custody of the United States Marshal.

IT IS SO ORDERED this <u>16th</u> day of March, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE